UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOM LARA, | ) |
|     Plaintiff, | ) No. 24-cv-6790 |
|         v. | ) Magistrate Judge Keri L. Holleb Hotaling |
| TEAM MENARD, INC., | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tom Lara's instant lawsuit alleges a negligence claim stemming from a slip and fall accident outside an Illinois Secretary of State facility in Joliet, Illinois [Dkt. 1-1]. Defendant, Team Menard, Inc., owns the property and leases it to the Illinois Secretary of State, but Defendant is responsible for maintenance of the property. Defendant's Motion for Summary Judgment is before the Court [Dkt. 29]. Defendant contends Plaintiff slipped and fell on a natural accumulation of snow and/or ice and, thus, it owed no legal duty to Plaintiff to ameliorate that accumulation. Defendant also argues, in the alternative, that it did not have notice of any allegedly dangerous condition. As detailed below, the Court grants Defendant's Motion for Summary Judgment [Dkt. 29].

**1. Standard of Review**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004); *see also Dunn v. Menard, Inc.* 880

1

F.3d 899, 905 (7th Cir. 2018). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252.

Procedurally, Local Rule 56.1(d) of the United States District Court for the Northern District of Illinois requires a party moving for summary judgment to submit a statement of material facts in short, numbered paragraphs supported by specific references to the factual record. Defendant has complied. [Dkt. 30, Defendant's Statement of Uncontested Material Facts ("DSOF").] Local Rule 56.1 also requires the non-moving party to respond to each of the moving party's statements of fact with citations to "specific evidentiary material that controverts the fact" and a concise explanation of "how the cited material controverts the asserted fact." LR 56.1(e)(3). Plaintiff has not complied. Plaintiff failed to respond specifically to any of Defendant's facts and instead filed his own "Statement of Material Facts" ("PSOF") that is, unfathomably, a near copy of Defendant's statement of material facts [Dkt. 33]. While "facts may be deemed admitted if not controverted with specific citations to evidentiary material," LR 56.1(e)(3); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) ("when the non-movant has failed to submit a factual statement in the form called for by the pertinent [local] rule and thereby conceded the movant's version of the facts."), here there are almost no facts in dispute apart from whether a particular section of gutter was damaged [*see* Defendant's Response to Plaintiff's Statement of Material Facts, Dkt. 34 at ¶¶ 17-18].

2. **Material Facts**[1]

The Illinois Secretary of State operates a facility in Joliet, Illinois ("Joliet DMV"). DSOF ¶ 1. Defendant Team Menard, Inc. owns the property and leases it to the Illinois Secretary of State. *Id*. at ¶ 2. Under the lease, Defendant is responsible for maintenance of the property. *Id*. at ¶ 3.

Plaintiff visited the Joliet DMV on February 2, 2021. *Id*. at ¶ 8. In the days leading up to Plaintiff's visit to the DMV, it had snowed heavily in the area: seven inches of snow was recorded on January 31, 2021; two inches of snow was recorded on February 1, 2021; and by 6 a.m. on February 2, 2021, an additional nine inches of snow was recorded.[2] *Id*. at ¶¶ 5-7. The temperature generally remained below freezing in the days leading up to the incident and on the day of the incident. Dkt. 30-4. Upon exiting the Joliet DMV on February 2, 2021, Plaintiff slipped and fell on a sidewalk at the northwest corner of the building on a patch of ice located beneath a gutter that had an icicle and a small snow drift hanging from it. Dkt. 34 at ¶¶ 16-17; Dkt. 33-2.

Doug Futterer, the General Manager of the Menards store in Joliet, Illinois, was responsible for maintaining the Joliet DMV building and surrounding property. DSOF ¶¶ 12-14. Defendant contracts with many vendors to inspect, maintain, and repair the Joliet DMV building exterior, sidewalks, heating and air conditioning, electrical and plumbing, gutters and roofing, snow and ice removal, parking lot, signs, motorcycle testing site, and the flagpole. *Id*. at ¶ 15. Defendant relies on this team of vendors to conduct annual inspections, report on maintenance and upkeep, and ensure the property is well-maintained and safe. *Id*. at ¶ 16. Mr. Futterer was personally unaware of and never received any reports from the Joliet DMV personnel or Defendant's vendors regarding

---

[1] The Court has only cited material facts, not those facts which are not outcome determinative. *Anderson*, 477 U.S. at 248 (a "material fact" is one that "might affect the outcome of the suit").

[2] This data comes from a certified copy of the meteorological records on file at the National Centers for Environmental Information. Dkt. 30-4.

3

any hazards or places of unusual ice accumulations at the Joliet DMV grounds. *Id*. at ¶ 17.

3.  **Analysis**

Because the Court is sitting in diversity, it applies Illinois law to the facts of this case. *See Am. Fam. Mut. Ins. Co. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016).

While a defendant has a duty of ordinary care to maintain its premises in a reasonably safe condition for its invitees, this duty does not make a defendant an insurer of the safety of all invitees on its premises. *Hayes v. Bailey*, 80 Ill. App. 3d 1027, 1030 (3rd Dist. 1980); *Robinson v. Sw. Bell Tel. Co.*, 26 Ill. App. 2d 139, 142 (4th Dist. 1960); *Donoho v. O'Connells*, 13 Ill.2d 113, 118 (1958). "The well-established rule in Illinois is that landowners are not liable for injuries resulting from natural accumulations of ice, snow, or water." *Salgado v. Costco Wholesale Corp.*, No. 20-cv-1869, 2022 WL 114098, at *3 (N.D. Ill. Jan. 12, 2022) (citing, *inter alia*, *Krywin v. Chi. Transit Auth.*, 238 Ill.2d 215, 227 (2010); *Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 42 (1st Dist. 2009); *Fillpot v. Midway Airlines, Inc.*, 261 Ill. App. 3d 237, 243 (4th Dist. 1994)). This natural accumulation rule applies to falling ice and snow that forms on a building in addition to slip-and-fall cases. *Bloom v. Bistro Rests. Ltd. P'ship*, 304 Ill. App. 3d 707, 711 (1st Dist. 1999). Moreover, a landowner or possessor of land has no duty to remove natural accumulations of ice, snow, or water from its property. *Bailey v. Graham Enters.*, 2019 IL App (1st) 181316, ¶ 27. The natural accumulation doctrine applies to all portions of the property and regardless of the type of business conducted. *Kellerman v. Car City Chevrolet-Nissan, Inc.*, 306 Ill. App. 3d 285 (1999).

The natural accumulation doctrine is premised on the notion that "it is unrealistic to expect property owners to keep all areas where people may walk clear from ice and snow at all times during the winter months." *Claimsone v. Prof'l Prop. Mgmt., LLC*, 2011 IL App (2d) 101115, ¶¶ 18, 21. To hold otherwise "would create an unreasonable burden of vigilance when considering that snowstorms cannot be foreseen or controlled and recognizes 'the climatic vagaries of this area

with its unpredictable snowfalls and frequent temperature changes.'" *Murphy-Hylton v. Lieberman Mgmt. Servs. Inc*, 2016 IL 120394, ¶ 19 (quoting *Tzakis v. Dominick's Finer Foods*, Inc., 356 Ill. App. 3d 740, 748 (1st Dist. 2005)). Liability only arises if a property owner aggravates a natural condition or engages in conduct that creates a new, unnatural condition. *Whittaker v. Honegger*, 284 Ill. App. 3d 739, 743 (5th Dist. 1996). Here, it is Plaintiff's burden on summary judgment to make an affirmative showing that "[1] the accumulation of ice, snow, or water [wa]s due to unnatural causes and [2] the property owner had actual or constructive knowledge of the condition." *Hornacek v. 5th Avenue Prop. Mgmt.*, 2011 IL App (1st) 103502, ¶ 29; *Beaumont v. J.P. Morgan Chase Bank, N.A.*, 782 F. Supp. 2d 656, 661 (N.D. Ill. 2011) (collecting cases); *Judge-Zeit v. Gen. Parking Corp.*, 376 Ill. App. 3d 573, 584 (1st Dist. 2007). "In absence of such a showing, summary judgment for defendant is appropriate since the court owes no duty to reason some remote factual possibility." *Beaumont*, 782 F. Supp. 2d at 661.

In this case, there is no evidence Plaintiff was injured by an *unnatural* accumulation of snow or ice. Icicles hanging from a roof are not enough alone to demonstrate an unnatural cause. *Cole v. Paper St. Grp., LLC*, 2018 IL App (1st) 180474, ¶ 46. Plaintiff offers no evidence that Defendant somehow caused the ice and snow to be present on the ground or otherwise aggravated a natural accumulation. Rather, the only potential causes of the ice and snow accumulation in the record are natural – namely: (1) it had snowed upwards of nine inches in the days prior to the incident, and (2) the temperature generally remained below freezing in the days leading up to the incident and on the day of the incident. DSOF, ¶¶ 5-7; Dkt. 30-4. While Plaintiff asserts there was a "damaged" gutter above where he fell [Dkt. 32 at 6; *see also* Dkt 34 ¶ 17 where Defendant properly disputes this characterization)], he offers no evidence of this "fact." He further speculates that Defendant "failed to address the dripping gutter above the location of the fall" [Dkt. 32 at 6] but again offers no supporting evidence. While Plaintiff has attached some photos of the gutter

with a small icicle on it [Dkts. 33-1; 33-2; 33-3; 33-4], this alone does not show "damage" to the gutter. *Cole v. Paper St. Grp., LLC* is on all fours here and is demonstrative of this point. The Illinois Appellate Court held that the trial court properly granted summary judgment in favor of defendant because plaintiff provided no evidence that her fall was caused by an unnatural accumulation of ice. Specifically, the Appellate Court

> agree[d] with the trial court that there was no evidence that faulty gutters caused an unnatural accumulation of ice, causing plaintiff's fall. First, the only "evidence" concerning the gutters was plaintiff's allegation in her complaint that the gutters were "faulty." The only factual basis for this allegation appears to be the fact that there were icicles hanging from the roof. Plaintiff presented no testimony or other evidence that the gutters were improperly installed or maintained, that there were code violations concerning the gutters, that icicles often formed on the gutters due to clogs or the manner in which they were constructed, or any other support for her allegation that the gutters were faulty…plaintiff failed to provide any evidence that the icicles caused the ice that plaintiff slipped on.

*Cole*, 2018 IL App (1st) 180474, ¶¶ 46, 50. Moreover, the *Cole* court held that because of this finding in defendant's favor on whether the ice accumulation was due to unnatural causes, it need not even reach the issue of whether the defendant was on notice of any allegedly unnatural ice accumulation: "[s]ince we have determined that the trial court properly granted summary judgment on this basis, we have no need to consider plaintiff's additional arguments concerning notice." *Id*. at ¶ 50. This is the exact situation here. Plaintiff has offered nothing but speculation that the gutter with a small icicle upon it caused the ice patch upon which Plaintiff fell.

Similarly, Plaintiff theorizes without support that a "melting snow pile" (Plaintiff fails to identify which, but the Court presumes he means the small snow pile in the parking lot adjacent to the curb of the sidewalk on which he fell) led to "water runoff" that caused the ice patch on which he fell. [Dkt. 32 at 6-7.] But the only visible snow pile was, as noted, in the parking lot, not up on the sidewalk where Plaintiff slipped. Plaintiff provides no evidence supporting how that snow pile might have melted up onto the sidewalk. Without pointing to a "direct link," between a defendant-

6

created snow pile and the ice on which he slipped, Plaintiff cannot prevail. *See Madeo v. Tri-Land Props., Inc.*, 239 Ill. App. 3d 288, 294, 606 N.E.2d 701, 705 (1992) ("plaintiff provided no evidence as to how the grade in the lot could have caused water from the snow bank to reach the spot where plaintiff slipped…[plaintiff] must either show a direct link between defendants' snow piles and the ice that caused her to slip, or she must provide circumstantial evidence through an expert."). While Plaintiff appended two photos of the sidewalk to his summary judgment materials, his brief does not explain or in any way try to connect this evidence to his arguments. Once again, Plaintiff fails to offer any evidence in support of the causal nexus that would allow him to survive summary judgment on this point. *Tzakis*, 356 Ill. App. 3d at 747.

"A plaintiff need not prove his or her case [to survive] summary judgment…but must present facts to show the origin of the ice was unnatural or caused by the defendant." *Id.* at 745 (citations omitted). Plaintiff has failed to offer evidence, whether through additional photographs, videos, or an expert, to link the patch of ice he slipped on to the icicle, the snow drift, the allegedly "damaged" gutter, or to any cause other than natural accumulation. Without showing this type of "causal nexus" between Defendant's conduct and the ice on which he fell, Plaintiff cannot survive summary judgment. *See id.* at 747.

Thus, summary judgment for Defendant is appropriate here. And, as in *Cole*, the Court need not reach the issue of whether Defendant had notice of any allegedly dangerous condition at the Joliet DMV but does note there is evidence in Defendant's favor on this point, which Plaintiff does not counter.[3]

---

[3] Defendant's representative, Doug Futterer, was personally unaware of and never received any reports from the Joliet DMV personnel or Defendant's many vendors regarding any hazards or places of unusual ice accumulations at the Joliet DMV grounds. DSOF ¶ 17 (procedurally admitted due to Plaintiff's failure to properly respond, but even Plaintiff's own nearly identical fact does not change this result, *see* PSOF ¶ 22).

**4.      Conclusion**

For the reasons set forth above, Defendant's motion for summary judgment is hereby granted [Dkt. 29].

ENTERED: April 14, 2025

                                                Hon. Keri L. Holleb Hotaling
                                                United States Magistrate Judge